# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3408-19

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

T.T.,

      Defendant-Appellant,

and

E.P. and R.H.,

      Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF D.P.,
M.P., and D.T., minors.

_____

Submitted February 3, 2021 – Decided March 1, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FG-17-0018-19.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn Veasey, Deputy Public Defender, of counsel; Caitlin A. McLaughlin, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Amy Melissa Young, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith A. Pollock, Deputy Public Defender, of counsel; Noel C. Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant, T.T. (Terry),[1] mother of D.P. (Dylan), M.P. (Melissa), and D.T. (Drew), appeals from an April 17, 2020 judgment of guardianship terminating her parental rights for her three children.[2]

Dylan was born in 2011. Melissa was born in 2013 to the same father. Shortly after Melissa was born, the Division of Child Protection and

---

[1] We refer to adult parties and to children by fictitious names to protect their privacy; in doing so, we mean no disrespect. R. 1:38-3(d)(12).

[2] Terry had previously surrendered her parental rights to a daughter who is now an adult.

Permanency (Division) received a referral regarding Terry after a neighbor had spotted her acting erratically outside of her apartment, writing on a mattress near a dumpster. The neighbor believed there was an infant alone in the apartment. The Division investigated and was able to confirm that Terry left Dylan and Melissa alone in the apartment while she was outside. Terry claimed to have recently broken up with Dylan and Melissa's father, and reported she was in a relationship with a country music star. The inside of the apartment was unsuitable for raising two young children, so the Division effected an emergency removal[3] and placed Dylan and Melissa into resource homes.

The Division arranged for Terry to receive psychiatric care in order to reunify her with her children. She was diagnosed with major depressive disorder, schizophrenia, and schizoaffective disorder, as well as persistent delusions and hallucinations. For a period after the removal, defendant failed to maintain her prescribed medication regiment, with her condition deteriorating to the point of near homelessness. Eventually, however, defendant started to respond positively to a course of treatment she could maintain and was reunited with Dylan and Melissa in September 2016, a few months after having another

---

[3] An emergency, or "Dodd," removal refers to the emergency removal of a child without a court order, pursuant to the Dodd Act, N.J.S.A. 9:6-8.21 to -8.82.

child, Drew. The Division closed its file on Terry, with her living in an apartment with her three children and continuing community health treatment in place.

However, by March 2018, after Terry failed to pick up Melissa from her bus stop, the Division dispatched investigators to her apartment, and again, the Division found the premises unsuited to raising three young children. The Division performed an emergency removal and placed the children in separate resource homes. At the time of the trial, all three siblings were still placed in separate resource homes.

Dylan was placed with a resource mother, her husband, and children. Melissa, too, was placed with a resource mother and father and their children. Drew was placed with a couple, their biological son, and three-year-old twins previously placed by the Division. All three families communicate and have maintained arrangements for Drew, Melissa, and Dylan to visit with each other. All three children and the resource parents underwent bonding evaluations, as did Terry. Those evaluations were considered by the court at trial.

A-3408-19

After a nine-day trial[4] held between December 2019 and April 2020, Judge Mary K. White terminated Terry's parental rights as to Dylan, Melissa, and Drew. Judge White found that despite the Division's efforts, Terry's inability to control her mental health struggles satisfied each of the four prongs of the best interest test under N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence.

Judge White found that the health, safety, and development of the children were and would continue to be in danger if the parental relationship were maintained, highlighting Terry's refusal to consistently take her medication and seek treatment for her mental health issues. This compromised Terry's ability to parent effectively, since "[a] child's safety depends on [his or her] parent's ability to take medication and react appropriately while on medication." Judge White classified this as a volitional act, in that Terry at some point made a conscious decision to cease taking the prescriptions that allowed her to manage her mental illness.

---

[4] Due to the restrictions as a result of Covid-19, the court was operating under the Supreme Court's March 27, 2020, Omnibus Order, which implemented emergency modification to court operations, including transition to video proceedings to minimize in-person contact. Thus, subsequent to the in-person trial where all testimony was in person, the judge delivered her decision via ZOOM videoconferencing with the parties.

Judge White reasoned that even without the act of not taking her medication, Terry had demonstrated enough reckless behavior to pose a risk to her children's safety, health, and development. Finally, Judge White found that the act of living with a parent struggling with a severe case of mental illness constituted harm.

Terry's mental illness did not constitute a per se prong one finding. Rather, the trial court carefully considered the effect Terry's mental illness had on her children and found that her incoherent and erratic behavior, inability to maintain a clean and safe home, inability or unwillingness to maintain her medication, and repeated instances constituted a risk that the children's safety, health, or development would be harmed by a continuance of the parental relationship. This appeal followed.

Terry raises the following issues on appeal:

> I. THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE TRIAL COURT'S CONCLUSION THAT [TERRY] EITHER HARMED HER CHILDREN OR POSED A RISK OF HARM TO THEM SUFFICIENT TO SATISFY PRONG ONE OF N.J.S.A. 30:4C-15.1[(a)] AND JUSTIFY TERMINATION OF HER PARENTAL RIGHTS.
>
> II. THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING THAT [TERRY] WAS UNABLE OR UNWILLING TO ELIMINATE HARM TO HER CHILDREN.

6

III. THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE LEGAL CONCLUSION THAT [THE DIVISION] PROVIDED SUFFICIENT SERVICES TO SUPPORT REUNIFICATION AND MADE REASONABLE EFFORTS TO REUNIFY THIS FAMILY.

IV. THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE LEGAL CONCLUSION THAT TERMINATION OF PARENTAL RIGHTS WOULD NOT DO MORE HARM THAN GOOD TO D.P., M.P., AND D.T.

In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), and we are bound by her factual findings so long as they are supported by sufficient, credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). We conclude the factual findings of Judge White are fully supported by the record and the legal conclusions drawn therefrom are unassailable. Judge White gave thoughtful attention to the importance of permanency and stability from the perspective of all three children's needs, and she found the Division had established by clear and convincing evidence all four prongs of the best-interests test, N.J.S.A. 30:4C-15.1(a), which, in the best

interest of the child, permits termination of parental rights.  <u>In re Guardianship of K.H.O.</u>, 161 N.J. 337, 347-48 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3408-19